Filed 11/30/21 P. v. Sellers CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT SELLERS,<br><br>    Defendant and Appellant. | A162340<br><br>(Alameda County<br>Super. Ct. No. 106955) |

Robert Sellers appeals from an order denying his petition to recall his sentence and resentence him pursuant to Penal Code[1] sections 1170, subdivision (d) and 1170.126, and Senate Bills No. 260 (2013–2014 Reg. Sess.) (Senate Bill 260) and No. 261 (2015–2016 Reg. Sess.) (Senate Bill 261). (Stats. 2013, ch. 312, § 4; Stats. 2015, ch. 471, § 1; see also § 1237, subd. (b); *Teal v. Superior Court* (2014) 60 Cal.4th 595, 597 [allowing appeal of an order after judgment affecting substantial rights].) Sellers's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441–442 (*Wende*). Although counsel advised Sellers of his right to file a supplemental brief—bringing to this court's attention any issue he believed deserved review—Sellers has not done so. Assuming without deciding that *Wende* review is available in these proceedings, our

---

[1] All statutory references are to the Penal Code.

independent review of the record has revealed no arguable issues. We therefore affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

On November 18, 1990, Sellers, an admitted drug dealer, and his younger brother gunned down a rival drug dealer and his assistant. The crime, which took place on 65th Avenue in Oakland, was witnessed by 17-year-old Johnny M. According to the witness, neither victim had anything in their hands when they were shot. Sellers was arrested at his residence on December 5. His home safe contained four rocks of cocaine. On December 20, 1990, Johnny M. was shot in the back while he was asleep in his bed but did not die.[3] One of the two men who were charged with the attempted murder told the police that Sellers had ordered the hit.

After a 20-day jury trial, Sellers—who was 21 years old at the time of the crimes—was convicted of two counts of second degree murder. With respect to each charge, the jury found true the allegation that Sellers had personally used a firearm. Sellers was sentenced to 34 years to life and remains in custody. The judgment was affirmed on appeal. (*People v. Sellers* (Oct. 27, 1992, A054612) [nonpub. opn.].)

In March 2021, Sellers filed a petition seeking resentencing pursuant to section 1170, subd. (d), section 1170.126, Senate Bill 260, and Senate Bill 261. He requested appointment of counsel to represent him. On March 15, 2021, the trial court summarily denied the petition.

---

[2] The facts regarding the underlying crimes are taken from the July 1991 probation report in this matter.

[3] Two days earlier, on December 18, gunmen narrowly missed shooting Johnny M., wounding a bystander with assault rifle fire.

The court noted that it had no jurisdiction to recall Sellers's sentence under section 1170, subdivision (d)(1) because more than 120 days had passed since the date of Sellers's commitment, and it had not received a recall request from the district attorney or the secretary of the Board of Parole Hearings. Subdivision (d)(2) of section 1170 pertains only to individuals who were under 18 at the time of their offenses and thus is also inapplicable to Sellers. With respect to section 1170.126, the trial court explained that resentencing is only available under that statute for three strike offenders serving an indeterminate term for felonies "that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subds. (b), (e)(1).) Sellers's murder convictions were both serious and violent felonies, precluding any relief. (See § 667.5, subd. (c)(1) & (8) [violent felony]; 1192.7, subd. (c)(1) & (8) [serious felony].)

The trial court then addressed Sellers's claim under Senate Bills 260 and 261, concluding that Sellers was not entitled to relief under that legislation, which requires the Board of Parole Hearings to conduct youth offender parole hearings to consider the release of offenders who committed specified crimes when they were under 25 years of age and who were sentenced to state prison. (See generally §§ 3051, 4801.) As the trial court pointed out, Sellers did not contend he was being unlawfully denied a hearing pursuant to these provisions—which require action by the Board of Parole Hearings rather than permitting resentencing by the courts. Moreover, the court noted that, in August 2019, Sellers filed a petition for writ of habeas corpus which the court treated as a motion seeking a postsentence hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 to present evidence related to the hallmark features of youth for use at an eventual youth

offender parole hearing. Counsel was appointed for Sellers, who subsequently withdrew the motion in December 2020. However, counsel will continue to represent Sellers for purposes of submitting youthful offender materials to the parole board. Based on all of these circumstances, the trial court denied the petition.

## DISCUSSION

As stated above, Sellers appealed from the trial court's March 2021 denial of his petition for resentencing. We appointed counsel to represent him. After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record. (*Wende*, *supra,* 25 Cal.3d at p. 441; see also *People v. Kelly* (2006) 40 Cal.4th 106, 109–110.) Sellers was advised by his attorney of the opportunity to file a supplemental brief with this court, but he has not done so. Assuming without deciding that *Wende* review is available in these proceedings, we have examined the entire record and are satisfied that Sellers's attorney has complied with his responsibilities and that no arguable issue exists. As the trial court demonstrated in its ruling, none of the grounds raised by Sellers in his petition for resentencing are applicable to his case.

## DISPOSITION

The order denying Sellers's March 8, 2021 petition is affirmed.

4

SANCHEZ, J.


WE CONCUR:


HUMES, P. J.


BANKE, J.


A162340
*People v. Sellers*